| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1** | |
| DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>MATRIX FINANCIAL SERVICES CORP. | Order Filed on March 1, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Margaret M. Caivano,<br><br>Debtor. | Case No.: 21-14801 MBK<br>Adv. No.:<br>Hearing Date: 8/11/2021 @ 10:00 a.m.<br>Judge: Michael B. Kaplan |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 1, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Case 21-14801-MBK    Doc 26    Filed 03/01/22    Entered 03/01/22 14:49:16    Desc Main
Document    Page 2 of 2

Page 2
Debtor:     Margaret M. Caivano
Case No.:   21-14801 MBK
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, MATRIX FINANCIAL SERVICES CORP., holder of a mortgage on real property located at 68 Bonnie Drive, Manalapan, NJ, 07726, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Robert C. Nisenson, Esquire, attorney for Debtor, Margaret M. Caivano, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain court approval for the deferral agreement by March 31, 2022; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage and applicable payment change notices outside of the plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Trustee is not to pay the arrears while approval of the deferral agreement is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arears that may accrue in the event the deferral agreement is not approved; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the deferral agreement is not approved, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.